J. SCOTT RUSSO (STATE BAR NO. 155631)
RUSSO & DUCKWORTH, LLP
9090 Irvine Center Drive, 2nd Floor
Irvine, California 92618
Telephone No. (949) 752-7106
Facsimile No. (949) 752-0629

Attorneys for Plaintiff
RICHARD R. WATERFIELD

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD R. WATERFIELD,<br><br>                    Plaintiff,<br><br>            vs.<br><br>BOFI FEDERAL BANK and Does 1-25, inclusive,<br><br>                    Defendants. | Case No.:  14-cv-01116-CAB-NLS<br><br>**CLASS ACTION**<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR INVASION OF PRIVACY<br><br><br>**(JURY TRIAL DEMANDED)** |

For causes of action against Bofl Federal Bank, an FDIC insured bank and Does 1-25, inclusive, Plaintiff Richard R. Waterfield, alleges as follows:

### THE PARTIES

1.    Plaintiff Richard R. Waterfield ("Plaintiff" or "Waterfield") is, and at all relevant times was, and individual residing in the County of Orange, State of California.

2.    BOFI Federal Bank is an FDIC insured internet bank with its principal place of business in the County of San Diego, California. ("BOFI").

3.    The true names and capacities, whether individual, corporate, associate,

- 1 -

or otherwise, of the Defendants named herein as DOES 1 through 25, inclusive, are
unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.
Plaintiff will amend this Complaint to show the true names and capacities of such
fictitiously named Defendants when the same have been ascertained.

4.     Upon information and belief, Plaintiff alleges that at all times mentioned
herein each of the Defendants was and now is the agent, servant, employee,
representative, and alter ego of each of the remaining Defendants, is the parent,
successor, subsidiary, and/or otherwise affiliated with the remaining Defendants, and
in doing the things hereinafter alleged were acting within the scope of its or his
authority of such agent, servant, employee, representative, and alter ego with the
permission and consent of the remaining Defendants.

## CLASS ACTION ALLEGATIONS

5.     Between March 1, 2010 and May 31, 2011, Plaintiff made and received
dozens of phone calls to and from Bofl.  Plaintiff used his cellular phone while making
and receiving calls from Bofl. Plaintiff files this lawsuit against BOFI as a class action
pursuant to Federal Rules of Civil Procedure 23 and/or California Code of Civil
Procedure section 382.

6.     Plaintiff brings this action on behalf of himself and all individuals/entities
who are residents of the State of California and/or whose principal place of business is
in the State of California who placed a call to and/or received a call from BOFI on a
cellular telephone between January 1, 2008 and May 31, 2011, wherein said
communication was electronically recorded without notice to the individual/entity or
their knowledge and/or consent.  In November 2013, during a deposition in an
unrelated matter, Plaintiff discovered for the first time that BOFI had recorded all
incoming and outgoing calls during the period he was making calls to and receiving
calls from BOFI.  Plaintiff did not have any reason to know about the recording of his
cellphone calls with BOFI until November 2013.  Plaintiff is informed and believes and

1  thereby alleges, that none of the class members knew or had any reason to know that

2  their cellphone calls with BOFI were recorded.

3        7.    Plaintiff, on behalf of himself and all other persons similarly situated,

4  allege the following theories of relief:

5            a.    BOFI's recording of telephone calls with individuals/entities

6  without providing notice that the communication was being recorded or obtaining the

7  individual's/entities' consent to record the communication all in violation of California

8  Penal Code section 632.7; and

9            b.    Award of $5,000.00 per occurrence pursuant to California Penal

10  Code section 637.2.

11        8.    Plaintiff is informed and believes, and based thereon alleges, that prior

12  to approximately May 2011, BOFI recorded all telephone conversations that were

13  received by BOFI from any individual/entity made with a cellular telephone without

14  notice to that individual/entity that their conversation was being recorded.  Plaintiff is

15  further informed and believes, and based thereon alleges, that each individual/entity

16  that placed a call from a cellular telephone to BOFI was given no warning and

17  therefore had no knowledge that their conversation was being recorded.

18        9.    Plaintiff is informed and believes, and based thereon alleges, that prior

19  to approximately May 2011, BOFI recorded all telephone conversations that were

20  placed by and/or originated from BOFI to the cellular telephone of any individual/entity

21  without notice to that individual/entity that their conversation was being recorded.

22  Plaintiff is further informed and believes, and based thereon alleges, that each

23  individual/entity who received a telephone call from BOFI on their cellular telephone

24  had no knowledge that their conversation was being recorded.

25        10.    Common questions of law and fact exist as to all members of the

26  proposed class and predominate over the questions that affect individual members of

27  the class.  The common questions of law and fact include, but are not limited to:

28

- 3 -

a.   Whether BOFI intentionally recorded communications between the class members and BOFI;

b.   Whether or not BOFI notified the class members that their communications were being recorded;

c.   Whether or not, prior to approximately May 2011, the class members were aware of the fact that their communication with BOFI were being recorded;

d.   Whether or not, prior to approximately May 2011, the class members who were aware of the fact that their communication with BOFI was being recorded consented to their communication being recorded;

e.   Whether BOFI's conduct constitutes a violation of California Penal Code section 632.7; and

f.   Whether, as a result of the conduct of BOFI, Plaintiff and the class members are entitled to damages, restitution or other relief.

11.   The claims of the representative Plaintiff are typical of the claims of the proposed class members.  As a result of the conduct of BOFI, Plaintiff and the proposed class members have suffered the same type of harm and damages.

12.   The representative Plaintiff has no interests adverse to the interests of the proposed class members, but rather, he has a common interest to recover his damages from BOFI for their unlawful conduct.  Thus, the representative Plaintiff will fairly and adequately protect the interests of the proposed class members.

13.   Plaintiff does not presently know the exact number of persons in the proposed class.  Plaintiff is informed and believes, and based thereon alleges, that between March 1, 2010 and May 31, 2011, tens of thousands of individuals/entities had cellular telephone communications with BOFI; that BOFI intentionally recorded each communication; and that each individual/entity was not notified that their communication was being recorded.  Under the circumstances of this case, the

1  proposed class is so numerous that the joinder of all such persons is impractical and
2  the disposition of their claims in a class action would benefit the parties and the court.

3       14.    The common questions that would be presented in this action can be
4  resolved for all members of the class in a single adjudication.

5       15.    Class action treatment of the proposed class members' claims will
6  permit a large number of similarly situated persons/entities to prosecute their claims in
7  a single forum simultaneously, efficiently and without unnecessary duplication of effort
8  and expense that many individual actions would require.  Furthermore, the expense
9  and burden of individual litigation would make it difficult or impossible for individual
10 members of the proposed class to redress the violation of their rights.  Consequently,
11 there would be a failure of justice but for the maintenance of the present class action.

12                     **FIRST CAUSE OF ACTION**

13                Action By Plaintiff And All Similarly Situated Individuals

14                Against All Defendants For Damages for Invasion Of Privacy

15       16.    Plaintiff realleges and incorporates herein by reference the allegations
16 set forth in the paragraphs set forth above.

17       17.    Between March 1, 2010 and May 31, 2011, Plaintiff placed numerous
18 telephone calls to and received numerous telephone calls on his cellular telephone
19 from BOFI.

20       18.    In November, 2013, Plaintiff learned for the first time that his
21 communications with BOFI prior to approximately May 2011 were being recorded.
22 Plaintiff did not give consent to the recording of any of these communications.  BOFI
23 intentionally recorded the communications it had with him without disclosing that it
24 was doing so, all in violation of California Penal Code sections 632.7.

25       19.    Plaintiff is currently unaware of the exact number of telephone
26 communications that he had with BOFI during the relevant time period wherein the
27 communication was recorded without his knowledge or consent but believes it to be in
28 excess of ten (10).  Plaintiff seeks damages in the amount of Five Thousand Dollars

($5,000.00) per cellular telephone communication that was recorded by BOFI without Plaintiff's knowledge and/or consent pursuant to California Penal Code section 637.2.

WHEREFORE, Plaintiff, on behalf of himself and all other individuals/entities similarly situated, prays for judgment against Defendants, and each of them, as follows:

1.      For Plaintiff, damages in the amount of $5,000.00 per cellular telephone communication that was recorded by BOFI without Plaintiff's knowledge and/or consent;

2.      For all similarly situated individuals/entities, damages in the amount of $5,000.00 per cellular telephone communication that was recorded by BOFI without their knowledge and/or consent;

3.      For costs of suit incurred herein;

4.      For expert fees;

5.      For reasonable attorney's fees if provided by law; and

6.      For such other and further relief as this Court may deem just and proper.


RUSSO & DUCKWORTH, LLP


Dated: July 3 , 2014          By: _____

J. Scott Russo
Attorneys for Plaintiffs

# PROOF OF SERVICE
(CCP §1013A(3) Revised)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the above County, State of California. I am over the age of 18 and not a party to the within action. My business address is 9090 Irvine Center Dr., 2nd Floor, Irvine, CA 92618.

On July 3 2014, I served the foregoing documents described as: FIRST AMENDED COMPLAINT on the interested party in this action in the manner indicated below and as further indicated on the attached Service/Mailing List:

[**XXX**] by placing a true copy thereof enclosed in a sealed envelope addressed to each of the interested party as indicated on the attached Service/Mailing List.

[] **BY MAIL:** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit. Executed on , 2014 at Irvine, California.

[ ] **BY PERSONAL SERVICE:** I caused such document to be hand delivered to the offices of the addressee listed on the attached Service/Mailing List. Executed on _____, at Irvine, California.

[ ] **BY TELECOPIER:** I forwarded the above document via telecopier to the interested party at the telecopier numbers noted on the attached Service/Mailing List. The transmission report indicated that the transmission was complete and without error or interruption. Executed on March 21, 2014 at Irvine, California.

[X] **BY ELECTRONIC SERVICE:** I transmitted the above document by electronic means to the electronic service address registered for use with the Orange County Superior Court by the parties on the attached service list on July 3, 2014, at Irvine, California.

[ ] **BY OVERNIGHT DELIVERY:** I am readily familiar with the Law Offices of Russo & Duckworth, LLP's practice for collection and processing of correspondence for overnight delivery with Overnite Express. Pursuant to such practice, all correspondence is deposited in a regularly maintained box or delivered to any authorized Overnite Express courier in the ordinary course of business on the date it is generated. I know that the envelope was sealed, and with delivery fees thereon fully prepaid, placed for collection on this date, following ordinary business practices in the United States, at Irvine, California. Executed on , 2014 at Irvine, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **July 3, 2014** at Irvine, California.

Barbara Yots

## SERVICE/MAILING LIST

**Attorneys for Defendants BOFI Federal Bank:**
Polly Towill, Attorney-at Law
Andre Cronthall
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
333 S. Hope Street, 43rd Fl.
Los Angeles, CA  90071-1422
Facsimile (213) 620-1398
Email:  ptowill@sheppardmullin.com
Email:  acronthall@sheppardmullin.com